# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SCOTT OWEN NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CV626 |
| | ) | |
| N.C. DEPT. OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner has failed to indicate that state court remedies have been exhausted. [28 U.S.C. § 2254(b).] In fact, his Petition reveals that he filed a motion for appropriate relief in the state trial court, but did not challenge the denial of the motion for appropriate relief by filing a petition for certiorari with the North Carolina Court of Appeals. (Docket Entry 1, § 11.) The Court cannot grant relief on claims that are not exhausted.

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of the North Carolina Department of Correction. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Alvin W. Keller, Jr., who is currently the

Secretary of the North Carolina Department of Correction, as respondent.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted after he has exhausted his state court remedies. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation. Also, Petitioner has filed what appears to be a motion asking the federal courts to grant him time to file an amended motion for appropriate relief. This Court cannot grant time for petitioners to make filings in state courts. Petitioner would need to seek any extension of time in the state courts. His motion in this Court will be denied.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that Petitioner's motion for an extension of time (Docket No. 3) is denied.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte*

without prejudice to Petitioner filing a new petition which corrects the defects of the current petition after he has exhausted his state court remedies.

                                                            /s/ L. Patrick Auld
                                                            **L. Patrick Auld**
                                                     **United States Magistrate Judge**

August 15, 2011